SIMON BLY, Respondent, *v.* THE VILLAGE OF WHITEHALL, Appellant.

Plaintiff, while attempting to pass from one of defendant's streets into another, about ten o'clock in the evening, stepped into the gutter and was injured. In an action to recover the damages, it appeared that the side and crosswalks at the junction of the two streets were covered with water so that plaintiff could not determine the location of the gutter. Defendant's street commissioner, on the day of the accident, found the gutter at the point in question full of ice and snow, and water running over the walk; he cleaned out the gutter, but did not remove the obstructions which prevented the water from running into the sewer, and left the streets in that condition. The place was not guarded, and no lights were placed there. It also appeared that two persons with plaintiff crossed the gutter before him in safety. He was carrying a child and proceeded with caution, but chanced to over-step the sidewalk, and so fell into the gutter. *Held,* the evidence justified a finding of negligence on the part of defendant, and of no contributory negligence on plaintiff's part.

(Argued April 30, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order

made November 24, 1887, which affirmed a judgment in favor of plaintiff entered on the report of a referee.

This action was brought to recover damages for injuries received by plaintiff while passing along one of defendant's streets.

The material facts are stated in the opinion.

*J. Sanford Potter* for appellant. The referee erred in refusing to make any finding whatever upon the questions of fact submitted, the proposed findings being material and beneficial to the defendant. (Code Civ. Pro. §§ 992, 993; *Callahan* v. *Gilman*, 107 N. Y. 316–372; Dillon on Mun. Corp. [3d ed.] § 1020; *Schaeffler* v. *Sandusky*, 31 Am. Rep. 583; 33 Ohio St. 246; *Durkin* v. *Troy*, 61 Barb. 457; *Evans* v. *Utica*, 69 N. Y. 166; *Wilson* v. *Charleston*, 8 Allen, 157: *Belton* v. *Baxter*, 54 N. Y. 245; *R. Co.* v. *Rathsall*, 32 Ohio, 66.) The referee erred in his conclusion that the plaintiff, without fault, negligence or laches, fell into the excavation. (14 N. Y. 613; *Schaeffler* v. *Sandusky*, 31 Am. Rep. 583; *Prest., etc.*, v. *Devonchitt*, 2 Ind. 586; *Erie* v. *Magill*, 101 Penn. 616; *Centralia* v. *Krounse*, 64 Ill. 19; *Evans* v. *City of Utica*, 69 N. Y. 169; *Durkin* v. *City of Troy*, 61 Barb. 455, 456; *Plank* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 608; *Thomas* v. *City of New York*, 28 Hun, 110; *Dubois* v. *Kingston*, 102 N. Y. 244; *McReckard* v. *Flint*, 114 id. 222; *Francis* v. *N. Y. S. Co.*, Id. 380; *Fredenburg* v. *N. C. R. Co.*, Id. 582; *Freeney* v. *L. I. R. R. Co.*, 116 id. 375, 379; *Goodrich* v. *N. Y. C. & H. R. R. R. Co.*, Id. 398, 404; *MacLain* v. *B. C. R. R. Co.*, Id. 459, 465; *Williams* v. *D., L. & W. R. R. Co.*, Id. 628, 634.) The referee erred in finding defendant guilty of negligence. (Dillon on Mun. Corp. §§ 685, 686, 989, 990, 1005, 1010, 1025, 1046; *Mills* v. *City of Brooklyn*, 32 N. Y. 489; *McArthur* v. *Saginaw*, 58 Mich. 357; *City of Detroit* v. *Beckman*, 34 id. 125; *Urquhart* v. *Ogdensburgh*, 91 N. Y. 67–71; *Evers* v. *H. R. B. Co.*, 18 Hun, 144; *Requa* v. *City of Rochester*, 45 N. Y. 136; *Smith* v. *Mayor, etc.*, 66 id. 295; *Muller* v. *New-*

*burgh*, 32 Hun, 24–26; *Reed* v. *Mayor, etc.*, 31 id. 311; *Henetye* v. *Mayor, etc.*, 50 J. & S. 295–297; *Smith* v. *City of Brooklyn*, 36 Hun, 224.)

*Otis A. Dennis* for respondent. The finding of the referee that the defendant was negligent in allowing this excavation to remain open and exposed without guards or notice to travelers is amply supported by the evidence. (S. & R. on Neg. § 19; *Goodfellow* v. *Mayor, etc.*, 100 N. Y. 15; *Bullock* v. *Mayor, etc.*, 99 id. 654; *Ivory* v. *Town of Deerpark*, 116 id. 476; *Phillips* v. *Town of Fishkill*, 6 N. Y. S. R. 866; *McMahon* v. *S. A. R. Co.*, 75 id. 231; *Weed* v. *Village of Boston*, 76 id. 329; *Brusso* v. *City of Buffalo*, 90 id. 679; *Russell* v. *Village of Canastota*, 98 id. 496.) The finding of the referee and the General Term that the plaintiff was not guilty of contributory negligence is supported by the evidence. (*Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 469; *Bullock* v. *Mayor, etc.*, 99 id. 654; *Palmer* v. *Dearing*, 93 id. 7; *Hays* v. *Miller*, 70 id. 112; *Bassett* v. *Fish*, 75 id. 303; *Baldwin* v. *Doying*, 114 id. 452; *Quincey* v. *White*, 63 id. 370; *Baird* v. *Mayor, etc.*, 96 id. 567; *Stillwell* v. *M. L. Ins. Co.*, 72 id. 385.) The appellant contends that the referee erred in omitting to pass upon certain requests to find which were duly submitted to him. His omission to do this does not invalidate the judgment. (Code Civ. Pro. § 1023; *Farley* v. *Carpenter*, 27 Hun, 359.) Only conclusions of fact need be found — not circumstances leading to such conclusions. (*Potter* v. *Carpenter*, 71 N. Y. 74; *Mulford* v. *Yager*, 26 N. Y. S. R. 40.) The referee having found as facts that the defendant was negligent and that the plaintiff was not guilty of contributory negligence, the defendant was not prejudiced by the omission to pass upon the requests and there was no error in that regard. (*Ballannan* v. *Gilman*, 107 N. Y. 372; *Woodman* v. *Pennfield*, 21 N. Y. S. R. 297.) This court will not reverse on the ground that the court or referee refused to find facts on request, if the finding itself, in view of the other facts found, is immaterial. (*Quincey* v. *White*, 63 N. Y. 370; *Callannan* v. *Gil-*

*man,* 107 id. 3·2; *Baird* v. *Mayor, etc.,* 96 id. 567; *Loeb* v. *Hellman,* 83 id. 601; *Crane* v. *Baudome,* 55 id. 256.)

*Per Curiam.* About ten o'clock in the evening of March 14, 1885, the plaintiff, while walking from William street to Sanders street, stepped into a gutter and was severely injured. On this occasion the side and crosswalks at the junction of these streets were covered with water so that the plaintiff could not, in the dark, determine the location of the walk or of the gutter, and while making his way along the street, he walked off the edge of the sidewalk and into a gutter some twelve or fourteen inches deep. It is not disputed that this condition of the street was the cause of the accident. The contention on the trial was limited to two issues: (1.) Was the defendant negligent in leaving the street in this condition? (2.) Did the plaintiff negligently contribute to his own injury? Considerable evidence bearing upon the first question was given; but for the purpose of determining whether there was any evidence tending to sustain the finding of the referee that the defendant was negligent, we think it only necessary to refer to the evidence of John Townsend, defendant's street commissioner, who was sworn in its behalf. He testified that on the day of the accident he found the gutter full of ice and snow and the water running over the walk. That he cleaned out the gutter, but did not clear away the obstruction which prevented the water from running into the sewer, and that he left the street in that condition at about half-past five o'clock in the afternoon. It was conceded on the trial that the place was not guarded, nor were lights placed to expose the situation. We think that it cannot be said that there is no evidence in the record tending to show that the defendant was negligent. It is urged that when the plaintiff reached this corner, he should not have attempted to cross the street. The evidence does not disclose a situation so palpably unsafe that this court can affirm, as a matter of law, that the plaintiff was negligent. The witnesses who were present at the accident testified that the plaintiff proceeded with caution. Two persons who were

with him crossed in safety, but the plaintiff, who was carrying a child, happened to over-step the walk, which was covered with water, and fell into the gutter. The finding of the referee that the plaintiff was not negligent is not without evidence tending to sustain it. These two questions being well found, it was quite unnecessary for the referee to pass on the requests preferred by the defendant, which called, not for the determination of issues of fact, but of evidentiary facts; which, had they been found, would not have changed the result.

None of the rulings, admitting or excluding evidence, are challenged by the defendant

The judgment should be affirmed, with costs.

All concur, except Potter and Parker, JJ., not sitting.

Judgment affirmed.